```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

In re: Joseph E. Bateman, Jr.   :

Timothy P. Branigan, Trustee    :

    v.                          : Civil Action No. DKC 2006-1309

                                        :

Joseph E. Bateman, Jr.          :

                     * * * * * *

In re: Naveed A. Khan           :

Timothy P. Branigan, Trustee    :

    v.                          : Civil Action No. DKC 2006-1330

Naveed A. Khan                  :

**MEMORANDUM OPINION**

    Timothy P. Branigan, Chapter 13 Trustee, has filed a motion for leave to appeal the denial of motions to dismiss in these two cases and has indicated that similar motions to dismiss are either pending or have been denied in other cases. The question presented is whether a debtor may be a debtor in a case under Chapter 13 when that debtor may not receive a discharge upon consummation of a confirmed plan.

    The Chapter 13 Trustee contends that the appeals involve a controlling issue of law, as to which there is a substantial ground for difference of opinion, and resolution may materially advance the ultimate termination of the cases. The only argument as to why there is substantial ground for difference of opinion is that the issue is one of first impression concerning amendments to the

Bankruptcy Code made by the Bankruptcy Abuse Prevention and Consumer Act of 2005. The Chapter 13 Trustee also asserts that he is raising the issue in many cases.

Pursuant to Local Rule 403.5, the Bankruptcy Court was requested to submit a written certification stating whether, in its opinion, the interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion and whether an immediate appeal of it may materially advance the ultimate termination of the case. Judge Mannes responded that although the interlocutory order does involve a controlling question of law, there is less than substantial ground for difference of opinion, and an immediate appeal would not materially advance ultimate termination of this case.

Two other bankruptcy courts that have resolved the issue, in addition to Judge Mannes, in opinions available on Westlaw agree that the fact that a debtor may not be eligible for discharge does not affect eligibility to file. Judge Mannes cited to *In re Lewis*, 339 B.R. 814 (Bankr. S.D. Ga. 2006). *See also, In re McGhee*, 342 B.R. 256 (Bankr. W.D. Ky. 2006). The Chapter 13 Trustee does not cite to any contrary rulings. Judge Mannes' certification also refers to the Opposition to the Motion to Dismiss filed by the U.S. Trustee in *In re Loop*, No. 05-90537-PM. It appears that the U.S. Trustee asserts that the Chapter 13 Trustee's view of the bar to discharge in that particular case was incorrect. Thus, there

2

appear to be more interpretive issues than the simple one raised by the Chapter 13 Trustee at this time.

The procedural and factual differences, along with the many interpretive issues to be resolved concerning the new law, counsel against allowing these matters to be appealed piecemeal. Accordingly, the motions for leave to appeal will be denied by separate order.

                                         _____/s/_____
                                         DEBORAH K. CHASANOW
                                         United States District Judge